IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TREMAYNE WHITLOCK

VS.                                            CIVIL ACTION NO. 2:10cv260-KS-MTP

MARGARET BINGHAM AND JIM HOOD

<u>ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.</u>

This cause is before the Court on Respondents' Motion to Dismiss pursuant to § 2244(b) [6], Report and Recommendation filed by Magistrate Judge Michael T. Parker [9], Objection thereto filed by Petitioner [12] and the Court has considered the above and the record herein and does hereby find as follows:

I.  PROCEDURAL HISTORY

Petitioner Tremayne Whitlock was convicted, following a jury trial, of murder on July 16, 2003 in the Circuit Court of Covington County, Mississippi.  By Order filed July 17, 2003, Whitlock was sentenced to serve a term of life in the Mississippi State Penitentiary.  *See* Exhibit A to Motion to Dismiss.  Following his conviction, Whitlock filed an appeal in which the Mississippi Court of Appeals, on May 2, 2006, affirmed the judgment of conviction and sentence.  *See* Exhibit B to Motion to Dismiss.  Whitlock's motion for rehearing was denied on August 15, 2006, and his petition for writ of certiorari was denied on November 2, 2006.  *Id.*  Whitlock did not file a petition for writ of certiorari with the United States Supreme Court.

Whitlock filed an Application for Leave to Proceed in the Trial Court on November 2, 2009, accompanied by a Motion for Post-Conviction Collateral Relief filed in the Circuit Court of Covington County on October 28, 2009.  *See* Exhibit C to Motion to Dismiss.  The

Mississippi Supreme Court denied the application on December 9, 2009. *See* Exhibit D to Motion to Dismiss.

Whitlock filed his federal Petition for Writ of Habeas Corpus [1] on October 27, 2010.[1] Respondents contend that Whitlock's Petition was filed too late and that there are no rare and exceptional circumstances to warrant equitable tolling.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

The parties agree that the one year statute of limitation pursuant to 28 U.S.C. §

---

[1] Under the "mailbox rule," Whitlock's *pro se* federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to this Court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Whitlock certified in his habeas petition under penalty of perjury that it was placed in the prison mailing system on October 27, 2010; the postmark on the envelope containing the habeas petition is October 28, 2010.

2244 has expired. Judgment and sentence became final on January 31, 2007, and his federal *habeas* was filed on October 27, 2010. There was an application for leave to proceed in the trial court filed on November 2, 2009, accompanied by a Motion for Post Conviction Collateral Relief filed in the Circuit Court of Covington County on October 28, 2009. However, by this time the one year statute of limitations had run. Petitioner's hope for being able to proceed with federal *habeas* is in his claim for equitable tolling, which occurs in "rare and exceptional circumstances" *Davis v. Johnson*, 158 F.3d 806, 807 (5th Cir. 1988). Petitioner's claim for equitable tolling arises as a result of his retaining an attorney to file his petition for post conviction relief on June 19, 2007, and the attorney not filing same nor notifying petitioner of the § 2244 statute of limitations and allowing the one year statute to run. On October 20, 2009, the attorney that was hired to file the post conviction petition notified petitioner that he would not file the post conviction relief petition. Following his notification, petitioner filed his own post conviction petition as above indicated, which was denied on December 9, 2009. (See Exhibit "B" to Motion to Dismiss). Following the denial of the permission to file the post conviction petition by the Mississippi Supreme Court, and approximately eleven months later, petitioner filed this petition herein on October 27, 2010. (Document 1 herein).

      The thrust of petitioner's argument is that while his attorney was dragging his feet in filing the post conviction petition, his statute ran and that he should be granted equitable tolling. Petitioner also alleges an issue of actual innocence and that he has acted with reasonable diligence.

      The petitioner's reasoning, while interesting, is not supported by the record and facts. Nowhere in his objection or in his petition does he state that he was denied his

right to file his federal petition. In fact, if the one year statute was tolled during the period of time beginning with the payment of the retainer fee to the attorney (June 19, 2007) and ending at the attorney's refusal to file the post conviction petition (October 20, 2009) his statute has still run in that he waited from January 31, 2007, through June 19, 2007, and from October 20, 2009, until October 27, 2010, to file. The total of these two periods is over sixteen months.  Petitioner has not shown due diligence, even if his argument is accepted by the Court.

## IV.  ACTUAL INNOCENCE

The Court has looked at the transcripts of the testimony from the lower court trial, as well as the statements of the witnesses. At best, he makes out a case of self-defense, which was submitted to the jury in the state court trial. The witness who reportedly recanted his testimony was a close associate of the victim and a friend of petitioner. The petitioner has not made out a showing of a case for actual innocence.

Without equitable tolling the statute has run. This Court finds that equitable tolling does not apply.

## V.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Whitlock's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and

Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Tremayne Whitlock's claim is **dismissed with prejudice**. All other pending motions are denied as moot.

SO ORDERED this, the 18th day of April, 2011.

>
> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE